**ALBEST METAL STAMPING CORPORATION, Plaintiff,**

v.

**RANDOLPH–RAND CORPORATION, and Application Art Laboratories Co., Ltd., Max Randolph, Mitchell Medina and Y. Aoki, Defendants.**

No. 84 Civ. 4412.

United States District Court, S.D. New York.

Dec. 8, 1986.

Abraham Friedman, New York City, for plaintiff; Samson Helfgott, Helfgott & Karas, of counsel.

Abelman Frayne Rezac & Schwab, New York City, for defendants; Jeffrey A. Schwab, of counsel.

WILLIAM C. CONNER, District Judge.

This action seeks a declaratory judgment of the invalidity and non-infringement of U.S. utility patent No. 4,021,891 (" '891 patent") and U.S. design patents Nos. 247,467 and 247,468 which cover magnetic clasps for women's handbags and which are owned by defendant Application Art Laboratories ("AAL") and exclusively licensed to defendant Randolph-Rand Corporation. Defendants have counterclaimed for alleged infringement of the patents in suit by plaintiff. The action is before the Court on two motions by plaintiff.

■ The first motion is for a partial summary judgment declaring (1) that the '891 patent is invalid because Claim 1, the only independent claim of the patent, was amended during reexamination to enlarge its scope in violation of 35 U.S.C. § 305; or (2) that even if the patent is valid it cannot be enforced against plaintiff because no claim of the reexamined patent is identical with any claim of the original patent, so that no damages may be awarded for any acts prior to August 5, 1986, the effective date of the reexamination certificate, and that no damages should be awarded against plaintiff or its customers for acts after that date because they are equitably entitled to intervening rights, pursuant to 35 U.S.C. §§ 307(b) and 252.

This motion is premature because the issues may be mooted by the second reexamination of the '891 patent which is now being conducted by the Patent and Trademark Office. The motion is therefore denied without prejudice to its renewal, if appropriate, following completion of the reexamination procedure.

■ Plaintiff's second motion is for a partial summary judgment declaring that the '468 patent is invalid under 35 U.S.C.

§ 102(b) because the design patented thereby was fully anticipated by a prior Japanese utility model application 140 47–130601, which was filed by the same inventor, Tamao Morita, and laid open on July 22, 1974, more than one year prior to the filing, on December 17, 1975, of Morita's non-convention U.S. application Serial No. 641,502 for the '468 patent.

This motion must be denied because the magnetic fastener illustrated in the Japanese utility model does not fully anticipate the design patented by the '468 patent.

Even disregarding the mounting prongs which project from the outer faces of the male and female parts of the fastener and which are respectively inserted through the adjacent surfaces of the main body and flap of the handbag and bent over to secure the parts and are not visible in normal use, there are a number of significant differences in the two designs. For example, in the design of the '468 patent, the non-magnetic cover member of the female part extends over and conceals the outer periphery of the circular pole plate of the female part and is provided with two flanges, one of which extends radially inwardly from the cylindrical outer surface of the cover member to overlie the outer marginal edge of the flat outer face of the pole plate and the other of which extends axially inwardly from the flat annular surface of the cover member to overlie the outer marginal portion of the cylindrical hole in the toroidal magnet of the female part. In the Japanese utility model, by contrast, the cover member does not extend over and conceal the outer periphery of the circular pole plate of the female part and has neither of the two flanges described.

Moreover, in the design of the '468 patent, each of the two pole plates and their projecting posts (whose outer ends contact one another to complete the magnetic flux path) are stamped from sheet metal and have rounded corners, whereas in the device shown in the Japanese utility model, the pole plate and projecting posts appear to be machined from a solid block of metal and have sharp corners.

The result is a significant difference in overall appearance between the two designs. Whether this difference is such that the design of the '468 patent would have been obvious within the meaning of 35 U.S.C. § 103, the Court is not required to decide on the present motion and, indeed, could not decide upon the present record.

However, it is at least clear that the design of the '468 patent is not invalid under § 102(b) on the ground of anticipation by the Japanese utility model.

Both of plaintiff's motions are therefore denied, as indicated.

SO ORDERED.